## Staunton

Chesapeake and Ohio Railway Company v. Tinsley.

September 7, 1914.

1. Pleading—*Demurrer—Declaration Faulty in Part.*—Where there are two or more counts in a declaration, or a single count containing several breaches, some well and others ill assigned, or containing a demand of several matters, divisible in their nature, some of which are well and others ill claimed, and there is a demurrer to the whole declaration and to each count thereof, or to the several breaches assigned, the demurrer must be sustained to the faulty counts or breaches, and overruled as to such counts or parts of the declaration as are not amenable to objection.

2. Damages—*Mental Anguish.*—Mental anguish and suffering resulting from mere negligence unaccompanied by injury to the person, cannot be made the basis of an action for damages.

Error to a judgment of the Circuit Court of Bedford county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Harrison & Long,* for the plaintiff in error.

*Wm. K. Allen,* for the defendant in error.

Whittle, J. delivered the opinion of the court.

This is an action by the defendant in error to recover damages from the plaintiff in error for alleged personal injuries and shock from fright charged to have been

occasioned her by the company's negligence. To a judgment for the plaintiff for $3,000 this writ of error was granted.

The declaration contains eight counts, the gravamen of all which is that the plaintiff was a passenger on the defendant's train, and that after reaching her destination the coach in which she was riding was negligently stopped six or eight yards beyond the station platform where passengers were accustomed to leave the train; that she was invited and required by the conductor to alight at a place where the surface of the ground was rough and uneven, and upon which loose stone and other material had been allowed to accumulate; that the lowest step of the coach at that point was the extraordinary distance of two and one-half feet from the ground; that the defendant failed to furnish for her safety the usual appliance in such circumstances, viz., a box, stool or step; that the dangerous conditions of the place were known to the defendant but were unknown to the plaintiff; and that she, while exercising proper care for her own safety, attempted to alight, as directed by the conductor, and not receiving adequate aid from him and being unable to reach the ground or to recover her balance, jumped or fell and received the physical injuries complained of in the declaration. The second, fourth, sixth and eighth counts, in addition to the charges made in the first, third, fifth and seventh counts, allege that after the occurrences therein referred to, and as the plaintiff was in the act of stepping upon an adjacent side track over which she had to pass to reach the waiting room maintained by the defendant for the reception of passengers, the defendant, without warning, negligently ran one of its engines and trains up behind her on the side track; that she only escaped death by being seized and stopped by a bystander who happened to be facing the moving

engine; that when thus arrested the engine was within a few inches of her person, and as it passed by without warning she was so startled "as almost to throw her immediately into an irresponsible and unconscious condition," by reason of which acts of negligence she suffered the grievances complained of.

The defendant demurred to the declaration and to each count thereof, and for grounds of demurrer says that it appears from each count that the plaintiff was herself guilty of negligence in jumping from the train instead of availing herself of the assistance of the conductor, who was at hand and ready to help her. And in regard to the second, fourth, sixth and eighth counts, it was said that no right of action accrued to the plaintiff by reason of alleged fright or shock from the passing engine. The court overruled the demurrer.

Some question was raised as to the propriety of attempting to reach by demurrer faulty assignments in a single count containing separable matters some of which are good and others bad; but that practice is well sustained by authority.

In *N. & W. Ry. Co.* v. *Stegall*, 105 Va. 538, 540, 54 S. E. 19, 20, it is said to be well settled, "that where there are two or more counts in a declaration, or a single count containing several breaches, some well and others ill assigned, or containing a demand of several matters, divisible in their nature, some of which are well and others ill claimed, and there is a demurrer to the whole declaration and to each count thereof, or to the several breaches assigned, the demurrer must be sustained to the faulty counts or breaches, and overruled as to such counts or parts of the declaration as are not amenable to objection. 1 Chit. Pl. (14 Am. ed.) 664; 1 Rob. Pr. (old) pp. 281-2; 2 Tuck Com. (3rd. ed.), p. 261; 4 Min. Inst., Pt. 2 (3rd ed.) p. 1107; 1 Bar. Law Pr. (2nd. ed.) 456-7." See

also Burks Pl. & Pr., sec. 202, p. 339 *et seq,* and authorities cited.

In the instant case this rule was observed, and the grounds of demurrer relied on are specifically stated. Code, sec. 3271.

We are of opinion that the first, third, fifth and seventh counts each state a good cause of action, and the same is true of the second, fourth, sixth and eighth counts with respect to the physical injuries alleged to have been suffered by the plaintiff.  *C. & O. Ry. Co.* v. *Barger,* 112 Va. 688, 72 S. E. 693, is an analogous case in averment.  In the last mentioned counts, however, fright dissociated from physical injury is relied on as an element of recoverable damages, and that is not permissible.  *Connelly* v. *Western Union Telegraph Co.,* 100 Va. 51, 40 S. E. 618, 56 L. R. A. 663, 93 Am. St. Rep. 919.

In the last named case this court held that mental anguish and suffering resulting from mere negligence unaccompanied by injuries to the person could not be made the basis of an action for damages.

It follows from these views that the demurrer should have been sustained to that averment of the counts referred to.  It likewise follows that the fifth instruction, which authorizes a recovery for injuries alleged to have resulted from fright or mental shock having no causal connection with physical injury, ought not to have been given.  The sixth instruction should also have been so modified as to exclude the impression that there may be a recovery from fright alone.

For these errors the judgment must be reversed, the verdict of the jury set aside and a new trial awarded.

This disposition of the case renders it unnecessary to consider the last assignment, namely, the alleged insufficiency of the evidence to sustain the verdict.

*Reversed.*