Staunton.

CHESAPEAKE AND OHIO RAILWAY CO. v. TINSLEY.

September 11, 1916.

Absent, Sims, J.*

1. APPEAL AND ERROR—*Verdicts—Conflicting Evidence.*—It is not within the province or power of this court to deal with the weight of the evidence or the credibility of the witnesses.  Where the evidence is conflicting, the verdict of the jury will not be disturbed if there is evidence to support it.

2. RAILROADS—*Alighting from Train—Negligence—Contributory Negligence.* The act of departing from a railroad train is usually of necessity a hurried act, and where a train has stopped at a station, and the conductor by his manner and attitude, is inviting a passenger to alight, and assists her in doing so, and it is getting late in the afternoon and the passenger can not see very well, but by a deliberate and careful inspection, could probably have discovered that she was about to alight at an unsuitable place and in an unsafe manner, it is not error to leave it to the jury to determine whether or not she was guilty of contributory negligence in alighting as she did.

3. INSTRUCTIONS—*Read as a Whole—Objection to One.*—Where the instructions of the trial court, when read as a whole, correctly propound the law, and the jury have been told that they must consider all of the instructions of the court in their relation to each other, the verdict will not be set aside because one of the instructions is subject to criticism.

Error to a judgment of the Circuit Court of Bedford county in an action of trespass on the case.  Judgment for the plaintiff.  Defendant assigns error.

*Affirmed.*

The opinion states the case.

* Case submitted before Judge Sims took his seat.

· *Harrison & Long,* for the plaintiff in error.

*Jno. L. Lee* and *W. K. Allen,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This is an action to recover damages for personal injuries. Eliza E. Tinsley was the plaintiff and the Chesapeake and Ohio Railway Company was the defendant in the court below, and they will be so designated here. This is the second appearance of the case upon our docket. At the former hearing a judgment for the plaintiff was reversed for the error of the trial court in overruling a demurrer to the declaration, and the cause was remanded for a new trial. 116 Va. 600, 82 S. E. 732. At the second trial, the plaintiff amended her declaration by striking out the faulty counts, and, the case being tried upon the declaration as amended, there was again a verdict for the plaintiff, upon which the circuit court rendered the judgment now before us.

Briefly stated, the declaration, which, except as to the counts stricken out as aforesaid, was held by this court in its previous opinion herein to state a good cause of action, alleges that the plaintiff was a passenger on defendant's train and received the injuries complained of by the negligence of its servants in stopping the train at a place which required her to alight at a point short of the regular landing provided for passengers, and in so doing to step down further than the ordinary distance, in a rough and uneven place, at the invitation of, but without proper assistance from, the conductor.

We are asked to reverse the judgment in the present case upon two grounds—first, that an erroneous instruction was given to the jury, and, second, that the verdict was contrary to the law and the evidence. These grounds will be considered in their inverse order.

Upon the part of the plaintiff, there was evidence which either showed, or materialy tended to show, that the plaintiff was a passenger on the defendant's train, with a ticket for a station on its line known as Major, where there was a gravel platform, the top of which was flush with the top of the rails, provided for the use of passengers in alighting from trains; that the plaintiff was an old lady, about seventy years of age, and weighing about two hundred and twenty pounds; that the train arrived at Major "a little late in the evening," and she could not see very well; that the train stopped there in such a position as that the steps of the car from which she had to descend were not at the platform, but were several feet east of it; that the ground below the steps was rocky and uneven, and was thirty or thirty-one inches from the botton step; that this distance was eleven or twelve inches further than from the bottom of the step to the regular landing or platform; that after the station had been called and the train had stopped, she walked out of the car and down to the bottom step, holding to the hand rail; that the conductor, who was then standing down on the ground, reached up and took her by the arm, and that she stepped or jumped to the ground; that the conductor either did not or could not materially assist her; that "not thinking it was so far," she struck the ground with great force and received a violent shock; that prior to this time, except for such allowance as was to be made for her size and age, she had been active and in good health; and that since this occurrence, and as a

result of it, she has been, and will perhaps continue while she lives, in a most distressing state of health.

It is urged upon us that the evidence developed by the defendant, and some of the facts and circumstances disclosed by that of the plaintiff, greatly discredit the plaintiff's claim, both as to the circumstances attending the alleged injury, and as to the extent and seriousness of it. It is not within our province or power to deal with the weight of the evidence or the credibility of the witnesses. There was a sharp and a truly deplorable conflict in the evidence. The jury saw fit to sustain the plaintiff's contention, and, as there was evidence to support it, their verdict upon the facts cannot be disturbed. Indeed, we do not understand counsel for defendant as contending that, upon this branch of the case, this court can interfere with the judgment, unless it can do so upon the ground that the plaintiff was guilty of contributory negligence. Under our view of the evidence as to her conduct and the situation at the time, we cannot say, as a matter of law, that such negligence upon her part was established. It is true that by a deliberate and careful inspection she probably could have discovered that she was about to alight at an unsuitable place and in an unsafe manner, but departing from a passenger train is usually of necessity a hurried act, and it is to be remembered that the station had been called, the train had stopped for the station and the conductor was, by his manner and attitude, inviting her to alight. She knew there was a gravel platform at Major upon which passengers usually alighted. She said that it was getting a little late, that she could not see very well, and that she was not expecting the distance to be so great. Under these circumstances, we are unable to hold that it was not for the jury to say whether she was

guilty of contributory negligence in leaving the train at the point and in the manner described. This question, like that of the primary negligence of the defendant, was submitted to the jury upon proper instructions, and their finding thereon is conclusive upon us.

Coming now to the only other assignment of error, it is insisted that the court erred in giving to the jury the following instruction:

"The court instructs the jury that when a passenger is invited by the defendant's conductor, expressly or impliedly, to get off the train at the station to which the passenger has a ticket, and there is any danger attending the passenger alighting at the place, it is the duty of the agents and servants of the railway company in charge of the train, to warn the passenger of such danger in alighting, and the passenger has a right to rely and assume that the place of alighting is free from danger in the absence of such warning, when the train stops to deliver its passengers."

The objection urged to this instruction is that it authorizes a passenger in reliance upon the carrier to disregard dangers whether they are obvious or not. If this had been the only instruction given, there would be, in the conflicting state of the evidence, some force in the objection relied upon, but the jury were further told that they must consider all the instructions of the court in their relation to each other, and among the several instructions was the following:

"The court instructs the jury that if they believe from the evidence that the plaintiff, by the exercise of reasonable care for her own safety, could have alighted without injury from the defendant's train at Major on the 15th day of February, 1913, and failed to exercise such care and so contributed to her own injury, they must find for the defendant, notwithstanding

they may believe from the evidence that the car from which she alighted was stopped short of the station platform."

Taking these two instructions together, there was no reversible error in the one here attacked. These instructions were given on the former trial, and the same objection which is now urged to the first one was made before this court and in effect overruled upon the hearing of the former writ of error.

Upon the whole case, we are of opinion that the judgment must be affirmed.

*Affirmed.*