## Staunton.

## AWTREY V. NORFOLK AND WESTERN RAILWAY COMPANY.

### September 20, 1917.

1. DEAD BODIES—*Right of Burial—Interference with Right.*—The near relatives of a deceased person have a legal right to the solace of burying the body, and any interference with that right, whether by mutilation of the body after death, or by withholding it from the relatives, is actionable.

2. DEAD BODIES—*Right of Burial—Interferenc with Right.*—The dead body of the son of the plaintiff was found upon the railroad of the defendant in a mutilated condition. At some time during the morning that the body was discovered it was taken charge of by the coroner, under the statute (Code, 1904, section 3938, amended Acts 1910, p. 338). After the coroner had completed his duties, he, as required by section 3946, Code, 1904, in view of the fact that the deceased was a stranger, caused his body to be decently buried. There were found on the body letters which indicated the address of the dead man's mother and brother in Georgia. The railway employees knew of these letters and replaced them upon the body. The coroner, in about two weeks, notified the relatives in Georgia, and the mother came to Virginia, disinterred the corpse and gave it burial in Georgia.

   *Held:* That under these facts an action for damages did not lie against the railway company. While there is a common law duty resting upon one who finds a dead stranger upon his premises to give him decent burial, it cannot be charged in this case that the company has failed in any such duty, because under the Virginia statute the coroner intervened and performed the duty which would otherwise have rested upon the company.

3. DECLARATION—*Argumentativeness—Interference with Right of Burial.*—The declaration alleged that the employees of the defendant railway company discovered, and left where found, the dismembered portions of the body of deceased, plaintiff's son, on the company's right of way; that the railroad's employees found upon the body of deceased letters showing the address of

his mother and brother; "and plaintiff avers that it became and was the duty of said defendant to follow up the information contained in said letters, and to notify deceased's said relatives, including plaintiff, of his death; to collect and prepare for burial, in a proper way, dismembered portions of the body of deceased; not to withhold from plaintiff the possession of said body; and to notify his said relatives, including plaintiff."

*Held:* That the declaration was demurrable because argumentative. There is no allegation here of any withholding of the body, and indeed that allegation could not have been made under the admitted facts of the case. It is simply argued that by failing to notify the plaintiff the company thereby withheld the body.

4. DAMAGES—*Mental Anguish.*—There can be no recovery for mental anguish which is unaccompanied by actionable physical or pecuniary damage caused by the wrongful act of another.

Error to a judgment of the Circuit Court of Washington county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Gilmer & Stant,* for the plaintiff in error.

*Widener & Potts,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiff in error, Mrs. S. C. Awtrey, complains of a judgment sustaining a demurrer to her declaration in an action against the Norfolk and Western Railway Company, the defendant in error.

The substance of the complaint is thus stated in the petition for the writ of error:

"The declaration complained of a failure on the part of the defendant to properly collect and prepare for burial the

dismembered portions of the body of plaintiff's son, who was killed by a train of the said defendant company, and for failure to notify plaintiff of her said son's death, thereby witholding from her the body of her said son, and depriving her of the solace and comfort of properly burying same."

The action is based upon an established common law doctrine. It is well settled that the near relatives of a deceased person have a legal right to the solace of burying the body, and that any interference with the right, whether by mutilation of the body after death, or by witholding it from the relatives, is actionable.

In *Finley* v. *Atlantic Transport Co.,* 90 Misc. Rep. 480, 153 N. Y. Supp. 440, in which a steamship company was charged by a son with burying his father's body at sea when the ship was almost in port, although the company had already embalmed the body, had enough of his money to pay all expenses incurred, and from documents found in the possession of the father knew the son's address, a demurrer to the complaint was overruled and it was held that the action would lie. In a carefully considered opinion by Shearn, J., the cases are collected and the doctrine reiterated. It will be noted, however, in this case that the son was forever denied the privilege of burying his father, because the steamship company unnecessarily buried the body at sea.

In *Larson* v. *Chase,* 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. Rep. 370, the action was brought by a widow for the wrongful mutilation and dissection of her husband's body, and the plaintiff was allowed to maintain the action. The doctrine is also well stated in 8 R. C. L. 695-696; *Keyes* v. *Konkel,* 119 Mich. 550, 78 N. W. 649, 44 L. R. A. 242, 75 Am. St. Rep. 428; *Darcy* v. *Presbyterian Hospital,* 202 N. Y. 259, 95 N. E. 695, Ann. Cas., 1912 D, 1238.

The conceded facts in this case are, that the dead body of the son of the plaintiff was found upon the railroad of the defendant in a mutilated condition on the morning of the 30th day of August, 1915; that at some time during that morning the body was taken charge of by the coroner, under the statute (Va. Code, 1904, § 3938 amended by Acts 1910, p. 338), which requires such coroner, upon notice of a "sudden, violent, unnatural or suspicious death, to view the body and make inquiry into the circumstances of the death," etc. It seems to be probable that the servants of the railway company allowed the body to remain undisturbed for a few hours until the coroner had been notified, under the view that it would be unlawful for any person to disturb it until after the coroner came. While this is a mistaken view of the law, at the same time it is held by many persons, and it is undoubtedly true that in many cases it is proper that nothing should be disturbed until all of the physical facts can be judicially ascertained by the coroner (*Forde's Case*, 16 Gratt. [57 Va.] 552), and in order to secure the available evidence to aid the authorities in determining whether the death was due to accident or to crime.

In this case there appears to have been no unusual delay. After the coroner had completed his duties, he, as required by section 3946, in view of the fact that the deceased was a stranger, caused his body to be decently buried.

It further appears that there were found on the body certain letters which indicated the address of the dead man's mother and brother in Georgia, and that the railway employees knew of these letters and replaced them upon the body. The coroner subsequently, in about two weeks, notified the relatives in Georgia, and the mother came to Virginia, disinterred the corpse and gave it burial in Georgia in accordance with her own views of propriety.

These facts disclose no conduct on the part of the railway company which subjects it to an action for damages.

The declaration is also demurrable because argumentative, the allegation being that the employees of the railway company "discovered, and left where found, the dismembered portions of the body of the deceased on said railway company's tracks, roadbed and right of way; that there were letters and other papers on the person of said deceased, showing the name and address of his mother, the plaintiff, and of his brother; and that said servants and employees found said letters upon the body of said deceased. And plaintiff avers that it became and was the duty of said defendant to follow up the information contained in said letters, and to notify deceased's said relatives, including plaintiff, of his death; to collect and prepare for burial, in a proper way, dismembered portions of the body of deceased; not to withhold from plaintiff the possession of said body; and to notify his said relatives, including plaintiff, who avers that she had the right to the care and custody of the body of her said deceased son."

There is no allegation here of any withholding of the body, and indeed that allegation could not have been made under the admitted facts of the case. It is simply argued that by failing to notify the plaintiff the company thereby withheld the body. There can be no right of action in such a case unless there is some affirmative act on the part of the defendant, such, for example, as the act of the steamship company above referred to in unnecessarily burying the body of a passenger at sea and thereby withholding it from his son and thus depriving him of his right to give it such burial as he deemed proper. While there is a common law duty resting upon one who finds a dead stranger upon his premises to give him decent burial, it cannot be charged in this case that the company has failed in any such duty, because under the Virginia statute the coroner intervened and performed the duty which would otherwise have rested upon the company.

While there was on the part of the coroner an unreasonable delay in notifying the relatives in Georgia of the decedent's death, and while the agents of the company may be properly subject to some criticism for failing to do so, it cannot be said that any legal right of the plaintiff has been interferred with, for as a matter of fact she did ultimately exercise her right to bury her son, and at no time did the defendant company after his death either mutilate his body or withhold it from her possession.

The plaintiff's real grievance is her mental anguish because of the tragic death of her son and the heartrending and deplorable circumstances of his burial in Virginia, but, under well settled principles, she cannot recover for this, because there can be no recovery for mental anguish which is unaccompanied by actionable physical or pecuniary damage caused by the wrongful act of another. *Connelly* v. *Western Union Tel. Co.,* 100 Va. 51, 40 S. E. 618, 56 L. R. A. 663, 93 Am. St. Rep. 919; *C. & O. Ry. Co.* v. *Tinsley,* 116 Va. 603, 82 S. E. 732.

We are of opinion that there is no error in the judgment of the trial court.

*Affirmed.*