Floy F. PENICK

v.

Ruby Lee MIRRO.

Civ. No. 2074.

United States District Court
E. D. Virginia,
Alexandria Division.

Nov. 30, 1960.

948

John G. Tausig, Washington, D. C., and Oren R. Lewis, Jr., Arlington, Va., for plaintiff.

Adelard L. Brault, Fairfax, Va., for defendant.

ALBERT V. BRYAN, Chief Judge.

Whether a cause of action arose under the law of Virginia, upon either simple or gross negligence, for the plaintiff's personal suffering when the defendant's automobile struck the former's dwelling-house, collapsing the exterior wall of the room in which she was then standing, is questioned now because there was no physical impact of the car or the wall upon the plaintiff. Save in regard to the degree of the negligence, the facts in this diversity jurisdiction case are not in dispute.

While backing her automobile out of a private driveway, the defendant suddenly and with considerable momentum drove her car in reverse gear into and across the street, across the opposite curb and sidewalk, thence across, and for some 120 feet upon, the plaintiff's lawn and against her residence. The collision demolished a large section of the brick wall at the point of juncture of the front doorway and the living room. The erratic movement of the automobile was due to the defendant's inattention, want of control of the car and an accelerator disrepair of which she had been aware for several weeks.

Immediately before the car hit the house, the plaintiff heard her daughter scream and rushed downstairs to the living room to ascertain the nature of her ·distress. When she reached the bottom of the stairs, very near the front door, she saw her daughter, her son-in-law and their child standing in the living room, and immediately the wall fell in towards her. Thereupon she dropped to the floor in a faint.

This experience, on December 13, 1959, the plaintiff charges is responsible for the aggravation of an old arthritic condition and also for a psycho-neurosis she has continuously suffered from since then. The latter, she says, has evidenced itself in a narrowing of her vision— tubular vision—and a loss of sensitivity in her right side. Constant headaches, a restriction in the movement of her head and continual pain in the lower back, plus a marked tremor in her right hand or arm, are also attributed to the occurrence. Expenditures totaling approximately $1,600 for medical and hospital attention are claimed as monetary damages, besides compensation for physical pain, mental suffering and permanent partial disabilities.

The primary defense is that no cause of action exists in the absence of any contact of the automobile or the wall with the plaintiff. Simple negligence on the defendant's part is admitted; gross negligence is denied. No right of recovery in Virginia, contends the defendant, exists for mental suffering, such as fright, anxiety, or anguish, unless it was preceded or accompanied by a wrongful touching of the claimant. An added defense is that the plaintiff's apprehension will not sustain the claim, because her concern was not for herself, but for her daughter and her two grandchildren, one of whom was not in sight at the moment. But this defense may be disregarded, as her anxiety was obviously for her own safety as well as that of her kin.

The plaintiff argues that in effect there was physical violence upon her, or else there was gross negligence which, she says, in law dispenses with an actual trauma of the person. But, the defendant parries, with physical contact wanting, Virginia requires for a recovery for mental suffering the wrong to be either wilful or wanton—that gross negligence does not make out such a cause of action.

In resolving this issue, obviously the law respecting non-tactual torts such as libel and slander, invasions of privacy and indignities to the dead, must be laid aside, for they are intentional wrongs. To start with, we find the defendant guilty of gross negligence, and we agree that in Virginia wanton conduct is something more than gross negligence. Boward v. Leftwich, 1955, 197 Va. 227, 89 S.E.2d 32, 35. But we think the plaintiff has established a cause and right of action under Virginia doctrines, and, this, too, even if the defendant be chargeable with only simple negligence.

Virginia has never said that actual impact of the tortfeasant instrument, immediately or mediately, upon the plaintiff's body is necessary to the creation of a right to reimbursement for personal injury, even when the wrongful act was not wilful or wanton. Her highest court has declared only that, lacking wantonness or wilfulness, mental suffering was not remediable in damages if the tortious act was not accompanied by "actionable, physical or pecuniary damage". Chesapeake & O. Ry. Co. v. Tinsley, 1914, 116 Va. 600, 82 S.E. 732, 733; Awtrey v. Norfolk & W. Ry. Co., 1917, 121 Va. 284, 93 S.E. 570, 572, L.R.A. 1918D, 279; Bowles v. May, 1932, 159 Va. 419, 166 S.E. 550, 555; Sanford v. Ware, 1950, 191 Va. 43, 60 S.E.2d 10, 13. This means only that mental suffering, without more, apart and of itself, is not compensable when caused unintentionally or not wantonly. That has always been the common law, supported by many sound considerations. Southern Express Co. v. Byers, 1916, 240 U.S. 612, 615, 36 S.Ct. 410, 60 L.Ed. 825.

"Physical damage" in this context, as the cited cases will confirm, has never been equated by the Virginia courts with physical taction. The term here connotes merely an injury upon or within the person of the claimant. Furthermore, the injury may be direct or indirect, mediate or immediate. But there must be a suffering of greater substance than a pure, isolated mental anguish, such as fright, anxiety or apprehensiveness. The closest case to the defendant's contention, Bowles v. May, supra, 159 Va. 419, 166 S.E. 550, does not oppose these conclusions. Actually, that decision went off on the utter insufficiency of the evidence to establish any wrong-doing whatsoever.

Reason and principle both counsel against the exaction insisted upon by the defendant.[1] Common knowledge embraces myriad instances of perils negligently created by one person without physical contact of other persons, but so disturbing to their emotions as to cause them to act to their bodily hurt. Escape, for a classic example, to avoid a danger brought about by the neglectful, but unimpinging, conduct of another frequently will end in personal harm to the latter. Furthermore, it is unreal to attempt to distinguish between mental and physical injury. An affront to either the mental or the physical sensibilities is an affront to the personal being. The only question in Virginia is whether the "damage" is of substance and sufficiently identifiable in the person of the claimant.

Hence, we need not stop to ponder here whether injury to the body followed injury to the emotions or the reverse was true. As we find the defendant guilty of an actionable tort, the inquiry is simply whether there was a personal injury, either mental or physical, which was a natural and probable consequence of the

---

1. For helpful discussions, see: Mack v. South Bound R. Co., 1898, 52 S.C. 323, 29 S.E. 905, 908, 40 L.R.A. 679; Monteleone v. Co-Operative Transit Co., 1945, 128 W.Va. 340, 36 S.E.2d 475, 478; Williamson v. Bennett, 1960, 251 N.C. 498, 112 S.E.2d 48, 52; 52 Am.Jur. 400-415; 64 A.L.R.2d 100 ff.

tort. Clearly the plaintiff sustained both types of injury, without fault on her part, as the proximate result of the gross negligence of the defendant.

In fixing the monetary damages for the plaintiff's injuries, the first item is the expenditures for medical treatment and hospitalization. These disbursements amount to $1,569.37. These the Court believes were fair and reasonable charges for the specified services and were made necessary by the injuries she received on December 13, 1959. Some additional outlay will be required in the future, and for this the Court awards $500. For her pain and suffering an allowance of approximately $4,000 is made.

On these findings and upon these conclusions judgment will be entered for the plaintiff for $6,000 as damages.