**Harold SOLDINGER and Annette Soldinger, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 4251.

United States District Court
E. D. Virginia,
Norfolk Division.

Nov. 19, 1965.

Israel Steingold, Steingold, Steingold & Chovitz, Norfolk, Va., L. B. Sachs, Kanter, Kanter & Sachs, Norfolk, Va., for plaintiffs.

Roger T. Williams, Asst. U. S. Atty., C. V. Spratley, Jr., U. S. Atty., Norfolk, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

This action, originally filed under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and the Fifth and Fourteenth Amendments to the Constitution of the United States, alleges that the plaintiffs owned the premises designated as 213 Rodman Road, Norfolk, Virginia, which property is situated on the opposite side of a small creek at the head of a runway used by jet aircraft operating from the Naval Air Station. It is contended that

the deafening noises caused by low-flying aircraft have prevented sleep, disrupted the ordinary use of the home and its facilities, caused the wife to have a nervous condition, and aggravated a coronary condition from which the husband suffers. Damages for the unlawful taking are claimed in the sum of $24,250.00. Damages for injury to health, fright and mental anguish are stated to be in the sum of $50,000.00.

Because the amount claimed for the alleged wrongful taking of property was in excess of $10,000, the action was transferred to the Court of Claims by order dated March 24, 1964. On November 4, 1964, plaintiffs moved for an order remanding the case to this Court by reducing their claim to $10,000.00 for that portion of the case which is based upon a claimed taking of property under the Fifth Amendment.[1] Accordingly, the Court of Claims entered its order of November 12, 1964, remanding the case to this Court.

The United States has filed a motion to dismiss or, in the alternative, a motion for summary judgment as to the cause of action stated under the Federal Tort Claims Act.[2] From the depositions filed and the concessions of counsel, we know that no aircraft has ever actually fallen or dropped objects upon the plaintiffs or their property. The question thus presented is whether noise from a jet aircraft constitutes a physical invasion of the person as construed by Virginia law which governs the rights, if any, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

■ Without more than what the plaintiffs here assert, there can be no recovery for such items as noise, fright, and mental anguish allegedly caused by low-flying jet aircraft.

The husband testified that he had been treated for high blood pressure since 1953 and was last treated by a physician in the fall of 1963, prior to giving his deposition in January, 1964. The wife testified as to her nervousness and her fear for the safety of her three children but conceded that she had never been treated by a physician for such alleged nervousness.

■ Courts have recognized that aircraft flights which are so low and frequent as to be a direct and immediate interference with the enjoyment and use of land may amount to a compensable "taking." United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206; 77 A.L. R.2d 1355. This is not to say that the act of flying jet aircraft over homes at a low altitude constitutes negligence which is the primary purpose for permitting actions under the Federal Tort Claims Act. We hold that there may have been a "taking" but there is no actionable negligence. Aside from this, however, the well-settled rule in Virginia is that there can be no recovery for mental anguish and suffering resulting from negligence unaccompanied by contemporaneous physical injuries to the person, absent willful, wanton and vindictive wrong. Bowles v. May, 159 Va. 419, 166 S.E. 550; Chesapeake & O. R. Co. v. Tinsley, 116 Va. 600, 82 S.E. 732; Awtrey v. Norfolk & W. R. Co., 121 Va. 284, 93 S.E. 570, L.R.A.1918 D, 279; Connelly v. Western Union Tel. Co., 100 Va. 51, 40 S.E. 618, 56 L.R.A. 663; Herman v. Eastern Airlines, Inc., E.D.N.Y., 149 F.Supp. 417 (applying Virginia law).

Plaintiffs attempt to draw an analogy to cases permitting recovery for nuisance. They refer to City of Portsmouth v. Weiss, 145 Va. 94, 133 S.E. 781. In that case the city built and maintained a dam without authority, as a result of which the plaintiff's crop lands were flooded. The court allowed a recovery holding that this was not the mere negligent perform-

---

1. Although not apparent from the record, counsel stated that plaintiffs had sold the property in the interim period and that the loss, if any, was *de minimis*.

2. The motion was also directed to the claim asserted under the Tucker Act, but this portion of the motion is now moot as plaintiffs thereafter reduced their damage claim for the "taking of property."

ance of a lawful act, but that it was an affirmative wrongful act not authorized by law. There is no suggestion in this case that the Navy was without lawful authority to operate its planes from the runway in question.

Plaintiffs also point out that recoveries may be permitted in cases in which loud noises emanate from a telephone. Gallaher v. Waynesboro Mutual Telephone Co., 143 Va. 383, 130 S.E. 232. Such a line of authority is inapposite as the electric current sent through the line is the gravaman of the action, thereby inflicting a contemporaneous physical injury to the person.

Treating defendant's motion as one for summary judgment, it will be sustained and the balance of the case will be determined by appropriate hearing as to the alleged compensable "taking" if, in fact, the plaintiffs sustained a loss thereby.

Present order.