LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Roslyn Banks

    v.

Alfred D. Price, Jr., etc.

December 22, 1970

By JUDGE A. CHRISTIAN COMPTON

    Enclosed you will find a copy of the order entered today which overrules the demurrer and which sets the time within which the defendant shall file his grounds of defense.

    At the outset, the manner in which the Court must consider the allegations of the motion for judgment upon the demurrer should be reviewed. The rule is fully stated in <u>Ames</u> v. <u>American National Bank</u>, 163 Va. 1 (1934) at pages 37 and 38, as follows:

> A demurrer admits that all material facts which are well pleaded are true. Facts well pleaded, and therefore admitted, are (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, and (3) facts which may be fairly and justly inferred from the facts alleged. Facts sufficiently alleged must be taken as true (unless they are inherently impossible, or contradicted by other facts pleaded) even though the court may be of opinion that it is improbable that they are true. And all reasonable inferences of fact which a trier of facts may fairly and justly draw from the

facts alleged must be considered by the court in aid of the pleading. But the demurrer does not admit the correctness of the conclusions of law stated by the pleader, or that the inferences of fact drawn by the pleader from facts alleged may be fairly and justly drawn therefrom.

The plaintiff alleges that the defendant, acting through his agents, appeared at the plaintiff's home and advised that they had come for the plaintiff's body. The plaintiff also alleges that the defendant caused a death notice to be placed in the newspaper announcing the death of the plaintiff. She further alleges, inter alia, that as the result of the negligence of the defendant the "plaintiff became extremely nervous and upset, . . . sought medical attention, became so upset that she, in fact, lost her job . . . has incurred expense and loss of pay . . . ." These allegations when viewed as they must be upon demurrer charge the defendant with an actionable tort which caused a personal injury which was a natural and probable consequence of the tort.

The defendant argues that there has been no physical contact with the body of the plaintiff here and he asserts that in Virginia there can be no recovery for mental suffering resulting from simple negligence unaccompanied by contemporaneous physical injuries to the plaintiff.

The cases relied upon by the defendant are noted in Penick v. Mirro, 189 F. Supp. 947 (E.D. Va. 1960). While the holding in Penick is not binding upon this Court, the opinion of Judge Bryan therein is highly persuasive authority and states the law in Virginia on this subject.

There, the plaintiff's home was struck as the result of the defendant's negligent operation of an automobile. In response to a scream from her daughter, the plaintiff rushed downstairs in time to see the living room wall fall in towards her. Thereupon she fainted but was not struck. As a result of that ex-

perience, the plaintiff sustained an aggravation of a pre-existing condition, a psycho-neurosis which evidenced itself in a narrowing of her vision, headaches, a tremor of the hand, back pain and a loss of sensitivity in her right side. She claimed that her bills for medical and hospital attention amounted to $1,600.00.

There, as here, the defense was that no cause of action existed in the absence of contact of the automobile or the wall with the plaintiff. Simple negligence on the part of the defendant was there admitted, and it is so admitted here for purposes of the demurrer.

In allowing a recovery by the plaintiff, Judge Bryan states as follows:

> Virginia has never said that actual impact of the tortfeasant instrument, immediately or mediately, upon the plaintiff's body is necessary to the creation of a right to reimbursement for personal injury, even when the wrongful act was not wilful or wanton. Her highest court has declared only that, lacking wantonness or wilfulness, mental suffering was not remediable in damages if the tortious act was not accompanied by "actionable, physical or pecuniary damage." Chesapeake & O. Ry. Co. v. Tinsley, 116 Va. 600, 82 S.E. 732, 733 (1914); Awtrey v. Norfolk & W. Ry. Co., 121 Va. 284, 93 S.E. 570, 572, L.R.A. 1918D, 279 (1917); Bowles v. May, 159 Va. 419, 166 S.E. 550, 555 (1932); Sanford v. Ware, 191 Va. 43, 60 S.E.2d 10, 13 (1950). This means only that mental suffering, without more, apart and of itself, is not compensable when caused unintentionally or not wantonly. That has always been the common law, supported by many sound considerations. Southern Express Co. v. Byers, 240 U.S. 612, 615, 36 S. Ct. 410, 60 L. Ed. 825 (1916).

[4] "Physical damage" in this context, as the cited cases will confirm, has never been equated by the Virginia courts with physical taction. The term here connotes merely an injury upon or within the person of the claimant. Furthermore, the injury may be direct or indirect, mediate or immediate. But there must be a suffering of greater substance than a pure, isolated mental anguish, such as fright, anxiety or apprehensiveness. The closest case to the defendant's contention, Bowles v. May, supra, 159 Va. 419, 166 S.E. 550, does not oppose these conclusions. Actually, that decision went off on the utter insufficiency of the evidence to establish any wrong-doing whatsoever.

Reason and principle both counsel against the exaction insisted upon by the defendant. Common knowledge embraces myriad instances of perils negligently created by one person without physical contact of other persons, but so disturbing to their emotions as to cause them to act to their bodily hurt. Escape, for a classic example, to avoid a danger brought about by the neglectful, but unimpinging, conduct of another frequently will end in personal harm to the latter. Furthermore, it is unreal to attempt to distinguish between mental and physical injury. An affront to either the mental or the physical sensibilities is an affront to the personal being. The only question in Virginia is whether the "damage" is of substance and sufficiently identifiable in the person of the claimant.

[5] Hence, we need not stop to ponder here whether injury to the body followed injury to the emotions or the reverse was true. As we find the defendant guilty of an actionable tort, the inquiry is simply whether there was a personal injury, either mental

or physical, which was a natural and probable consequence of the tort. 189 F. Supp. at 949 and 950. (Emphasis supplied)

See also 5 M.J., Damages, Section 43, p. 533 and cases cited therein; 38 Am. Jur. 2d, Fright, Shock and Mental Disturbance, Section 40 et seq., p. 51.

Whether or not the plaintiff has suffered "damage" which is "of substance and sufficiently identifiable in the person of the claimant," which will support a recovery by this plaintiff on the one hand, or whether there has been mere "mental suffering, without more, apart and of itself," which will defeat recovery on the other hand, will of course depend upon the proof.

At this stage of the proceedings, however, the pleadings state a cause of action. The plaintiff alleges that she became extremely nervous and upset which caused her to seek medical attention. Because of her condition, she alleges she lost her job and incurred expense and loss of pay. It may be "justly inferred" from those facts alleged that the plaintiff sustained an injury to her person which was mental and which was a natural and probable consequence of the alleged wrong.

For these reasons, the demurrer is overruled.