Henry **SYPERT**, Plaintiff,

v.

**UNITED STATES of America and Department of Justice, Defendants.**

**Civ. A. No. 81–3217.**

United States District Court, District of Columbia.

March 28, 1983.

Kenneth Shepherd, Washington, D.C., for plaintiff.

Richard A. Stanley, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Henry Sypert brings this action against the United States of America and the Department of Justice under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for damages allegedly caused by the defendant's negligence in exposing Sypert to the active tuberculosis of a fellow prison inmate. The action is now before the Court on defendant's motion for summary judgment.

On approximately October 30, 1979, Sypert was placed in a holding cell in the Federal Correctional Institution in Petersburg, Virginia. The holding cell area had previously been occupied by inmate James Young, who was then suffering from active tuberculosis. Prison officials discovered Young's condition and decontaminated the area on October 30, 1979. Sypert, however, had already spent some time in the contaminated holding cell. Sypert was subsequently given a tuberculosis skin test which indicated the presence of tubercle bacilli in his body.

The positive skin test indicated that Sypert had been exposed to an active case of tuberculosis. He has, however, never developed the disease. Sypert was placed on isoniazed (INH) medication, to be taken once daily, and has been periodically tested for tuberculosis symptoms. All tests have shown no symptoms.

Defendants have moved for summary judgment on the grounds that Sypert has suffered no legally compensable injury. Since the alleged negligent exposure occurred in Virginia, Virginia law governs this action. *See Garber v. United States,* 578 F.2d 414, 415 (D.C.Cir.1978).

Sypert alleges both physical injuries and mental anguish. Sypert's claim of physical

injury is related simply to the presence of the tubercle bacilli in his body. He has evidenced no symptoms of the disease and has, thus, experienced no physical pain or suffering as a result of his exposure to tuberculosis. The prescribed INH medication, when taken for approximately one year, minimizes the risk that Sypert will ever develop active tuberculosis as a result of his prison exposure. In addition, the initial exposure and drug treatment provides Sypert with protection against developing tuberculosis from additional exposures to active tuberculosis. Any increased risk resulting from Sypert's failure to take a portion of his medication will not be attributed to defendants.

The case of *Plummer, et al. v. United States,* 580 F.2d 72 (3rd Cir.1978), is precisely on point with respect to whether Sypert has suffered a physical injury. The plaintiffs in *Plummer* were several prison inmates who were exposed to a fellow prisoner with an active case of tuberculosis. The exposed inmates were provided with INH medication and did not develop active tuberculosis. The United States District Court for the Middle District of Pennsylvania determined that the plaintiffs had not suffered a physical injury. The court found that they had experienced no pain and suffering, were not precluded from any occupation, and the "increased probability of 'reactivation' was balanced by the immunity to outside infection conferred by the initial exposure." 580 F.2d at 74. The Third Circuit Court of Appeals accepted this determination. *Id.*

Sypert, similarly, has not developed active tuberculosis. The Court accordingly finds that Sypert has suffered no physical injury from his exposure to that disease.

Sypert also seeks damages for mental anguish. In *Plummer,* the Circuit Court found that the physical *impact* of the tubercle bacilli entering the prisoners' bodies was sufficient to sustain a claim for damages due to negligently caused mental anguish under Pennsylvania law. 580 F.2d at 75–76. Generally under Virginia law, however, a measurable physical *injury* is required before a plaintiff may recover damages for mental anguish in a negligence action. *See, e.g., Naccash v. Burger,* 223 Va. 406, 290 S.E.2d 825 (VA 1982); *Hughes v. Moore,* 214 Va. 27, 197 S.E.2d 214 (1973); *Soldinger v. United States,* 247 F.Supp. 559 (E.D.Va.1965). Since the Court finds that Sypert has suffered no physical injury as a result of defendants' alleged negligence, he may not recover damages for negligently caused mental anguish.

Physical injury is not a prerequisite under Virginia law for recovery of damages for mental anguish if defendants' actions were "willful, wanton, and vindictive." *Soldinger v. United States,* 247 F.Supp. at 560. Sypert's complaint alleges only negligence, however, and there is no indication of willful and vindictive conduct by defendants.

The preceding analysis indicates that Sypert has suffered no legally compensable injury. Accordingly, defendants' motion for summary judgment is granted.