## CIRCUIT COURT OF THE CITY OF RICHMOND

Phyllis Bradley
and Ezekiel Bradley

    v.

David Forrest et al.

July 10, 1987

Case No. LK 1843-3

By JUDGE ROBERT L. HARRIS, SR.

The plaintiffs allege that the plaintiff Ezekiel Bradley is the husband of the plaintiff Phyllis G. Bradley, and father of her fetus and that because of the negligent actions of the defendants, Mr. Bradley suffered emotional distress.

The defendants deny that they owe any legal duty to Mr. Bradley that is recognized in Virginia, and they maintain that they had no foreseeable obligation to Mr. Bradley arising from his wife's alleged injuries and hurts.

The issue is whether Mr. Bradley has a cause of action against the defendants for emotional distress. I have concluded that under the laws of Virginia Mr. Bradley has not pled such a cause of action and is not entitled, on the facts alleged in the pleadings, to maintain a suit for recovery for emotional distress against the defendants. The demurrer of the defendants is sustained, and the plaintiffs are granted ten days in which to amend their motion for judgment.

Both the plaintiffs and the defendants consider that their positions are supported by the opinion of the Supreme Court of Virginia in *Naccash v. Burger*, 223

Va. 406 (1982). That case involved the question whether the defendants breached a duty to the plaintiff parents of a "wrongfully born" child, and if so, whether the parents were entitled to damages for emotional distress. The negligent acts of the defendants dealt with examining blood samples of the father.

The finding of a duty breached was affirmed in *Naccash*. The Supreme Court of Virginia established an "exception to the general rule that damages for emotional distress are not allowable unless they result directly from tortiously caused physical injury." *Naccash* at 416. The court noted that earlier Virginia cases imposed restrictions to discourage claims by chance witnesses to physical torts involving others. *Hughes v. Moore*, 214 Va. 27 (1973); *Womack v. Eldridge*, 215 Va. 338 (1974). In *Naccash*, on the other hand, there was no suggestion of fraud, nor were the parents "mere witnesses to the consequences of the tortious conduct" found in that case. Because there was an "unbroken chain of causal connection directly linking" defendants' conduct to the plaintiffs' emotion distress "following the birth of their fatally defective child," an exception to the physical injury rule was allowed. *See also Boyd v. Bulala*, 647 F. Supp. 781 (W.D. Va. 1986). There the claim of the parents "was genuine and the distress they suffered real." *Boyd* at 792.

As husband and father of an unborn child, plaintiff Ezekiel Bradley could qualify under the exception created in *Naccash* to claim emotional distress, but he did not plead sufficiently to come under the exception. Limiting my review to the pleadings, I do not find allegations of fact that show an unbroken chain of causal connection between the alleged acts of the defendants and Mr. Bradley's emotional distress. The analysis applied in *Boyd* at 792 supports this conclusion. According to the pleading, the plaintiff father's claim is genuine, and the distress he suffered in real. There is no concern here over unlimited numbers of plaintiffs. On the other hand, the plaintiff father has not alleged he was present in the hospital, nor that he was aware of the difficulty with the delivery, nor knew that the treatment given his wife was deficient, nor witnessed the distress of his wife, nor knew of the source of the injuries which proximately caused his distress. Such allegations would permit me to examine the

pleadings to see if *Naccash* is applicable. Absent such allegations, the pleadings are not sufficient to support retaining the plaintiff father as a party in this case.

Counsel have diligently reviewed opinions by my colleagues in other circuits, and have brought to the court's attention the action in the case of *Atkinson v. Thomas*, entered October 28, 1986, by the Circuit Court of the City of Virginia Beach. In that action, the defendants demurred to the plaintiff's claim of a cause of action for emotional distress by the parent of an injured party. Counsel for the defendants argued that *Naccash* restricted such claims to cases where the plaintiff alleged physical injury. It is arguable that one of the holdings in *Naccash* is to that end, for the general rule is restated by the *Naccash* court. This court, however, refers counsel to the additional discussion in *Naccash*, which makes an explicit exception to the rule cited to the *Atkinson* court by counsel.

The court has also considered the recent case of *Modaber v. Kelley*, 232 Va. 60 (1986). There a father brought a claim for a cause of action arising from negligent treatment of his wife that resulted in a stillbirth. Upon demurrer by the defendants, the father's claim was denied by the trial court. The ruling was that the father's distress "must be so noticeable and so severe as to shock the judges of that situation," quoting from the transcript submitted by counsel. The court is not aware of such a criterion for maintaining the plaintiff father's claim. The issue was not addressed on appeal. Consequently, the court declines to be persuaded by the arguments counsel advance that rest on *Modaber v. Kelley*. I would point out, however, there must be either an allegation and subsequent proof of willful or wanton wrongful acts, or an "actionable, physical or pecuniary damage." *Penick v. Mirro*, 189 F. Supp. 947, 949 (E.D. Va. 1960). (Counsel are invited to read Judge Bryan's excellent discussion there, and Judge, now Justice, Compton's gloss in *Banks v. Price*, 2 Va. Cir. 334 (City of Richmond Cir. Ct. 1970).

Counsel for the defendants will circulate an order sustaining their demurrer, and granting the plaintiffs leave to amend their motion for judgment within ten days after entry of the order.