# Richmond

## INDEMNITY INSURANCE COMPANY v. NORA NALLS.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Aubrey R. Bowles, Jr.,* for the plaintiff in error.

*Frederick L. Flynn,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This appeal from the Industrial Commission brings up for review an award in favor of Nora Nalls, an incompetent as an alleged dependent of one Luther Nalls, deceased.

Luther Nalls, aged seventy-four years, an employee of the city of Alexandria, was injured in an accident arising out of and in the course of his employment, as a result of which he died. At the date of his death he was a widower, and left surviving him eight adult children. Appellant was the carrier of compensation insurance for the city of Alexandria.

The appellee, forty-four years of age, was at the time of her father's death, and is now, an inmate of the Virginia State Colony for Epileptics and Feeble-minded. Prior to her commitment she was a dependent member of her father's household, and upon the evidence submitted a majority of the commission found that at the date of

Luther Nalls' death "Nora Nalls is a total dependent upon the deceased employee."

It is the contention of appellant that as the appellee, Nora Nalls, was at the time of the death of her father an inmate of a State-supported institution, she was not dependent upon her father. Counsel for appellee contends that under the provisions of section 40 of the workmen's compensation act, Code, section 1887(40), it being indisputably shown that appellee was at the death of her father, the employee, mentally incapacitated from earning a livelihood, she is conclusively presumed to be a total dependent.

The pertinent provisions of section 40 of the act referred to are these:

"The following persons shall be *conclusively* presumed to be next of kin wholly dependent for support upon the deceased employee:

"(a)  A wife upon a husband whom she had not voluntarily deserted or abandoned at time of the accident.

"(b)  A husband upon a wife with whom he lived at the time of her accident if he is then incapable of self-support and actually dependent upon her.

"(c)  A boy under the age of eighteen, or a girl under the age of eighteen, upon a parent. If a child is over the ages specified above, but physically or mentally incapacitated from earning a livelihood, he or she shall be presumed to be totally dependent."

While there is, in the decided cases, a diversity of opinion as to the father's duty at common law to support an adult child mentally incapacitated from earning a livelihood, the weight of authority is to the effect that such a duty rests upon the father.

Able briefs have been submitted by counsel, and in the record appear the opinions of the members of the commission, upholding both the majority and minority view. The argument is extensive and involves a discussion of the purpose of the compensation act; a comparison of the common-law duties of support with the provisions of section 40; a

wife's duty to support her husband; a parent's duty to support a minor child; a parent's duty to support an adult child, physically or mentally incapacitated; the duty to support other relations; the Virginia non-support statute; and a comparison of the compensation acts of other States. A comparison of the compensation acts of other States with the Virginia act throws little light on the question involved, for the reason that we have not found any act similar to or identical with the Virginia act.

As we view the case at bar, a detailed discussion of the many questions presented would not be helpful, for the reason that, in our opinion, the sole question in issue on this appeal is: Is Nora Nalls a dependent as defined by section 40 of the workmen's compensation law, *supra?*

The argument advanced by counsel for appellant is that the obvious intent of section 40 is to grant to mentally defective children over eighteen years of age a *prima facie* presumption of dependency only; that this presumption has been rebutted by proof that at the time of the death of the employee, appellee was being cared for solely by the State.

The record fails to disclose whether appellee is an epileptic or a feeble-minded person. It also fails to disclose whether there is any likelihood of appellee being entitled to parole under the provisions of section 1091 of the Code, and thus relieve the State of her care and custody.

Section 1058 of the Code provides that the estate of a person committed to the colony for epileptics or feeble-minded shall not be charged with any expense incident thereto or for his maintenance. However, that section also vests in the steward of the institution an absolute power to furnish the inmate "extra comforts," and for the payment therefor the committee of the inmate, when he has control of any estate of the inmate, is legally bound.

It is thus seen that the State, under the parole provision (section 1091), and under section 1058, may at any time be relieved of partial or total care and custody of the in-

mate. In that event, the support of one mentally defective would devolve upon the father (if bound at common law), or else he would be an object of charity, as in Virginia there is no statute imposing upon a father the duty of maintaining his adult offspring though the child may be physically or mentally incapacitated from earning a livelihood.

We can concur in the view of counsel for appellant that section 40 of the workmen's compensation law is imperfectly drawn and technically is grammatically incorrect, but we cannot concur in the view that it was the intention of the legislature to place a child under the age of eighteen and a child physically or mentally incapacitated from earning a livelihood upon a different footing.

This court has repeatedly laid down the rule that in the construction of a statute the chief concern of the court is to ascertain the intention of the legislature. The spirit of the law is as strong a link in a legislative enactment as the language employed, and it is clear to us that the legislative intent was to place the designated children in a common class, and this court should not permit the spirit and intendment of the statute to be whittled away by the keen edge of grammatical construction. The construction put upon section 40 by a majority of the commission in the instant case is in conformity with the construction placed thereon by the commission for a period of years.

In *Reynolds* v. *Sparger Mill Co.,* 4 Op. Va. Ind. Com. 300, decided October 25, 1922, it appears that one of the claimants was a child nineteen years of age. Compensation was claimed for her on the ground that she was mentally incapacitated from earning a livelihood. The commission held that she was totally dependent upon her father and compensation was awarded her in equal proportions with her brother who was under the age of eighteen. To the same effect is the holding of the commission in *Hickman* v. *Stonega Coke & Coal Co.,* 7 Op. Va. Ind. Com. 314, and *Braun* v. *Robertson Construction Co.,* 7 Op. Va. Ind. Com. 556.

In *Virginia Elec. & P. Co.* v. *Place,* 150 Va. 565, 143 S. E. 756, 757, it is said: "Section 40 of the compensation act provides for the payment of compensation to two classes of dependents. Clause (a) relates to a wife dependent upon a husband whom she had not voluntarily deserted or abandoned at the time of the accident; clause (b) relates to a husband who is dependent upon a wife with whom he lived at the time of her accident, if he is then incapable of self-support; clause (c) relates to children under the age of eighteen who are dependent upon a parent, or to mentally or physically incapacitated unmarried children, even though they are over the ages of eighteen years. Whenever it appears that the claimants come within the classification designated by these clauses, they are conclusively presumed to be dependent, and no evidence is required to show the fact of such dependency.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"In placing a wife, husband and designated children in a class to themselves, the legislature eliminated all conjecture as to their status, and left only for investigation as to them the question of whether or not the death of the employee arose out of and in the course of the employment."

In the brief of counsel for appellant it is said: "The construction given section 40 by the majority of the commission can, and must inevitably in this case, only result in the accumulation of a fund for the benefit at her death of the distributees of Nora Nalls, a result wholly foreign to the purpose of compensation acts. There was no economic need created by the death of Luther Nalls. There is no financial loss to be supplemented."

It is possible that such a situation may arise. The same situation, however, may arise in regard to compensation awarded an infant. If the fund awarded an infant under eighteen years of age should be permitted to accumulate and the infant die before reaching such age, the fund would pass to his distributees.

In dealing with an incompetent who has been com-

mitted to a State institution, the fact must not be overlooked that there is no binding obligation to compel the State to assume the care and custody of the inmate until the death of such inmate. Under the broad powers conferred upon the superintendent of any colony for the feeble-minded, by section 1091 of the Code, the inmate may be discharged or paroled by the superintendent at any time his judgment warrants such action. In the face of such a contingency, it is not for the court to say that the legislature did not intend that such a situation should be taken care of. The reason for the incarceration of appellee may have been the necessitous circumstances of the father, but now that the appellee is not entirely dependent upon the charity of the State we cannot assume that those who ministered to her needs for forty years will not, with the aid of the sum awarded her, continue to do so.

There is no error in the award of the Commission, and it will be affirmed.

*Affirmed.*