## Richmond

Commonwealth of Virginia, Department of Mental Hygiene and Hospitals v. Francis Key Shepard and E. A. Prichard, Esquire, Committee for Jean Key Shepard.

April 24, 1972.

Record No. 7814.

Present, All the Justices.

*John W. Crews*, Assistant Attorney General (*Andrew P. Miller*, Attorney General, on brief), for appellant.

*R. Terrence Ney* (*Boothe, Prichard & Dudley*, on brief), for appellees.

Cochran, J., delivered the opinion of the court.

The question presented by this appeal is whether the estate of an incompetent mother is liable for the care and maintenance of her adult incompetent son in a state mental hospital.

The facts are not in dispute. Mrs. Jean Key Shepard, a widow, has been mentally incompetent since 1939. She was approximately 80 years of age at the time this proceeding was instituted. Her son,

Francis Key Shepard, then age 43, has been mentally incompetent since he was 18. He has been a patient in Western State Hospital since his commitment on August 1, 1965. It is improbable that he will ever be able to live outside an institution. He has no assets and no estate.

Mrs. Shepard, whose Committee is E. A. Prichard, is maintained in a private nursing home in Fairfax County at a cost of about $500 per month. Her assets, at the time of the hearing in the court below, consisted of approximately $18,000 in cash and interest bearing notes yielding approximately 6% per annum, sixty-five acres of land with an estimated value of $150,000 producing rental income of $112.50 per month, and a Civil Service widow's pension of $84 per month. It appears that Mrs. Shepard has not executed a will. If she dies intestate before her son Francis, he will be one of two heirs at law and distributees.

Proceeding under the provisions of Va. Code Ann. § 37.1-105 to 119 (1970),[1] the Department of Mental Hygiene and Hospitals filed

[1] "§ 37.1-105. *Who liable for expenses; amount.*—Any person who has been or who may be admitted to any State hospital, or the estate of any such person or the person legally liable for the support of any such person, shall be liable for the expenses of his care, treatment and maintenance in such hospital. Such expenses shall not exceed the actual per capita cost of maintenance except as hereinafter provided for the Virginia Treatment Center for Children and shall be fixed by the Board, but in no event shall recovery be permitted for amounts more than five years past due."

\* \* \*

"§ 37.1-108. *Department to investigate financial ability to pay expenses.*—The Department shall make investigation and ascertain which of the patients, or which of the parents, guardians, trustees, committees, or other persons legally responsible therefor, are financially able to pay the expenses of the care, treatment and maintenance, and such patient, parent, guardian, trustee, committee, or other person legally responsible therefor shall be notified of such expenses and, in general, of the provisions of this article."

"§ 37.1-109. *Assessments and contracts by Department.*—The Department may assess or contract with any patient, patient's parent, guardian, trustee, committee, or the person legally liable for his support and maintenance, and in arriving at the amount to be paid, the Department shall have due regard for the financial condition and estate of the patient, his present and future needs and the present and future needs of his lawful dependents, and, whenever deemed necessary, to protect him or his dependents, may assess or agree to accept a monthly sum for his maintenance less than the actual per capita cost of his maintenance; provided, however, that the estate of such patient other than income shall not be depleted below the sum of two thousand five hundred dollars.". . .

"§ 37.1-110. *Application for order to compel payment of expenses.*—Upon the failure of any patient, or of his parent, guardian, committee, trustee or other person legally responsible for his expenses, to make payment of the same, or enter into an agreement for such payment, and whenever it appears from investigation that such patient, his parent, guardian, committee, trustee, or other person legally liable for

its bill of complaint against Francis Key Shepard and the Committee for Jean Key Shepard, seeking judgment for accrued charges for maintaining Francis in Western State Hospital and an order directing the Committee to pay such charges thereafter incurred by the patient. The Committee denied that he or his ward's estate was liable for the patient's maintenance. He also alleged that Mrs. Shepard did not have sufficient income to pay for the upkeep of her son and that a forced sale of her real estate would result in a wastage of assets which would be prejudicial to her interests.

Judgment was entered January 26, 1971, against the incompetent patient in the sum of $10,981.80, with interest and costs, and he was further ordered to pay thereafter the sum of $8.15 per day for care and maintenance. By final order entered February 18, 1971, from which this appeal was taken, the estate of Mrs. Shepard and her Committee were held not legally liable for the support of her son.

█ The Department contends that by statutory enactment (Va. Code Ann. § 20-61 (Cum. Supp. 1971)) and under the common law, Mrs. Shepard's estate is liable for her son's maintenance within the meaning of § 37.1-105.

Section 20-61 provides in part as follows:

". . . any parent who deserts or wilfully neglects or refuses or fails to provide for the support and maintenance of his or her child under the age of eighteen years, or child of whatever age who is crippled or otherwise incapacitated for earning a living, the . . . child or children being then and there in necessitous circumstances, shall be guilty of a misdemeanor . . . ."

This statute, imposing criminal sanctions, is inapplicable as it affords no basis for civil relief. *Heflin* v. *Heflin*, 177 Va. 385, 14 S.E.2d 317 (1941). Nevertheless, it indicates a legislative intent that

the support of such person, has sufficient estate, or there is evidence of liability to pay such expenses, the Department shall apply to any court mentioned in § 37.1-109, or to any court having jurisdiction for the county or city in which the person legally liable for the support of such patient resides, for an order to compel payment of such expenses by persons liable therefor and in the following order:

"First, by the patient or his estate; and second, by the person legally liable for the support of such patient. The Department shall collect such part or all of such expenses from the several sources as appears proper under the circumstances and may proceed against all of such sources. The proceedings for the collection of such expenses shall conform to the procedure for collection of debts due the Commonwealth."

\* \* \*

the mother, as well as the father, of a child under 18 years of age or of an incapacitated child of any age, shall be accountable for the support of such child.

In another context, we recognized the rule that a father has a common law duty to support an adult child who is mentally incapacitated. *Indemnity Insurance Co.* v. *Nalls*, 160 Va. 246, 248, 168 S.E. 346 (1933). *See* Annot., 1 A.L.R.2d 910 (1948). The Committee, conceding that this obligation is imposed upon the father, insists that the surviving mother has no duty to support her children, whether they are minors or incapacitated adults. We disagree.

By statute the parents, and the survivor of them, are declared to be the natural guardians of the persons of their legitimate, unmarried minor children. Va. Code Ann. § 31-1 (1964). This indicates that the surviving parent has custody of such children. *See* Va. Code Ann. § 31-2 (1964). As a parent's duty to support children is based largely upon the right to their custody and control, *Butler* v. *Commonwealth*, 132 Va. 609, 614, 110 S.E. 868, 869 (1922), it follows that a mother, after death of the father, has a duty to support her children. See also *Armstrong* v. *Stone*, 50 Va. (9 Gratt.) 102 (1852), where it was held that a mother was entitled to custody of her child as of right after the father's death, that this right was not impaired by her remarriage, and that the child had a "natural right to the care and nurture of her mother." *Id.* at 107-08.

By the great weight of authority, this duty of supporting minor children devolves upon the mother after the father's death, even in the absence of a controlling statute. *See, e.g., Chapin* v. *Cummings*, 191 Ga. 408, 12 S.E.2d 312 (1940); *In Re Soltis' Estate*, 177 Minn. 571, 225 N.W. 896 (1929).

*Moses* v. *Akers*, 203 Va. 130, 122 S.E.2d 864 (1961), has been cited in support of the majority rule. 59 Am. Jur. 2d *Parent and Child* § 64, at 155 n. 9 (1971). In *Akers*, we held that an unemancipated plaintiff in a personal injury action could not recover her medical expenses because, her father being dead, her mother was primarily responsible for such expenses and therefore entitled to recover them. The prevailing view is that the obligation of support extends only to necessaries. *Mihalcoe* v. *Holub*, 130 Va. 425, 430, 107 S.E. 704, 706 (1921); 59 Am. Jur. 2d *Parent and Child* § 55 (1971). So the holding in *Akers* is equivalent to a holding that the surviving mother is liable for support of her minor children.

We perceive no reason to apply a different rule to the mother of an incapacitated child, and the statute under review contains no language which suggests that the term "parent" as used therein should be restrictively applied only to fathers. Accordingly, we hold that Mrs. Shepard, after her husband's death, had the duty to support Francis and is the person legally liable for his care and maintenance under § 37.1-105.

█ Mrs. Shepard's Committee further maintains that, as her income is not sufficient to maintain her in the nursing home, and is, therefore, not available for other purposes, she cannot be held liable for her son's support. It is true that her expenses substantially exceed her income so that annual invasion of the corpus of her estate is required for her own upkeep. But there is no provision in the statute which limits the collection of maintenance charges for a state mental patient to income of the person liable therefor.

Section 37.1-110 directs that collection be made "from the several sources as appears proper under the circumstances . . ." if it appears from investigation that the patient, his parent or other person legally liable has "sufficient estate". Hence, collection may be made from Mrs. Shepard's estate, subject to the qualifying terms of the statute, because she is legally liable, as a parent, for the maintenance of Francis. Under Va. Code Ann. § 37.1-139 (1970), the claim against Mrs. Shepard may properly be asserted against her Committee.

The ruling of the lower court that the estate of Mrs. Shepard and her Committee are not legally liable for her son's care and maintenance in Western State Hospital is reversed and the case remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*