## CIRCUIT COURT OF THE CITY OF RICHMOND

Marjorie Hays Duncan

v.

Richard Edward Duncan

November 12, 1975

Case No. E-3245

By JUDGE ALEX H. SANDS, JR.

After reviewing the memoranda of counsel, I am of the belief that this court lacks the power to transfer this case to another court of record in the State after reinstating it upon the docket for the purpose of permitting the filing of plaintiff's petition seeking such transfer.

I am of the opinion that at the time the suit was instituted in this court a transfer could possibly have been effected under Virginia Code § 8-157. Once the cause has gone to final decree, however (or bed and board decree, for that matter), I find no authority empowering the court in which the suit was initially instituted to order any such transfer. It seems to me that in drafting Section 16.1-214 the legislature clearly intended the concluding language, which reads "the court of record which had original jurisdiction of the case" to be construed as meaning "the court of record which had (exercised) original jurisdiction of the case."

Once the court assumes jurisdiction and renders decision granting the relief sought, the power to transfer has been lost. This view is supported by the language of the court in *Williams* v. *Woolfolk*, 188 Va. 312 (1948).

This conclusion is reached, however, completely without reference to the argument advanced by counsel for defendant concerning suggested unfavorable considera-

tion which defendant might receive at the hands of a court of record in the Staunton area. This court emphatically rejects any such suggestion which is considered to be entirely without foundation.

For the above reasons, plaintiff's petition must be denied.