### 𝕽ichmond

## COMMONWEALTH OF VIRGINIA, DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION v. JANIE C. SHARRETT, INCOMPETENT, ET AL.

January 13, 1978.

Record No. 761461.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Martin A. Donlan, Jr. (Anthony F. Troy, Attorney General; Herbert F. Niles, Jr., Assistant Attorney General,* on brief), for appellant.

*(G.R.C. Stuart,* on brief) for appellees.

PER CURIAM.

In the court below, the Department of Mental Health and Mental Retardation (hereinafter, the Department) sought by petition to require the committee of the estate of Janie C. Sharrett, an incompetent, to pay the arrearage accruing during the preceding five years for the care and maintenance of Mrs. Sharrett at Southwestern State Hospital. The Department sought also an order requiring the committee thereafter to pay monthly for Mrs. Sharrett's care and maintenance an amount based upon the per capita daily cost of patient care as then or "from time to time in the future" established by the Department.

The trial court denied the specific relief sought by the Department. The court, however, increased from $240 to $350 per month an outstanding award against the committee for Mrs. Sharrett's care and maintenance. The Department appeals, and it assigns error to the trial court's refusal to grant the specific relief sought.

Mrs. Sharrett, a 75-year old widow, suffers a permanent mental illness. Since 1947, she has been confined at Southwestern State Hospital. She has no dependents, and her closest relatives are cousins.

In 1956, Washington County National Bank was appointed Mrs. Sharrett's committee. At the time of the proceeding below, the Bank held for Mrs. Sharrett's benefit securities and cash in excess of $12,000, and it collected monthly income of $312.20 from interest, Social Security benefits, and a pension.

On November 30, 1970, the Bank was directed by court order to pay the Department $240 per month for Mrs. Sharrett's care and maintenance in the hospital. The amount fixed was based upon the then current per capita daily cost of patient care in a state hospital, as established by the Department. On June 15, 1971, however, and at several subsequent times, the Department increased the daily rate.

The arrearage sought by the Department in the present proceeding totals $6,637.65. This figure represents the difference, accruing from June 15, 1971, to March 31, 1976, between the amount received on Mrs. Sharrett's account and the actual cost of her care and maintenance, based upon the increased rates in effect from time to time after June 15, 1971.

As has been noted, the trial court refused to order payment of the arrearage. The court assigned no reason for its refusal. The committee, however, suggests that the arrearage is not recoverable because the Department is bound by the 1970 order, entered at its request, fixing the award for Mrs. Sharrett's care at $240 per month. The committee also suggests that recovery of the arrearage would impermissibly invade the corpus of Mrs. Sharrett's estate. We disagree with the committee on both points.

Under Code § 37.1-105, the estate of a patient in a state hospital is liable for his care and maintenance, not to exceed the actual per capita cost for the particular type of service rendered. Such cost shall be determined by the Department "no less frequently than annually . . . but in no event shall recovery be permitted for amounts more than five years past due."

Under § 37.1-109, the Department, subject to court approval, may assess the estate of a patient for the cost of the patient's care and maintenance. In arriving at the amount to be paid, the Department shall consider "the financial condition and estate of [the] patient, his present and future needs and the present and future needs of his lawful dependents."

Under § 37.1-110, upon the failure of a financially-able estate to pay an assessment, the Department shall petition the proper

court for an order to compel payment. Under § 37.1-112, such court, in appropriate circumstances, shall by order "require payment of maintenance or any part thereof." And, under § 37.1-113, the court "may at any time modify such order."

■ We believe these statutory provisions present no bar to recovery of the arrearage involved in this case. Indeed, we believe the provisions require that recovery be permitted. In the same sentence of § 37.1-105 which mandates that the Department periodically determine the actual cost of patient care, it is provided that recovery shall not be permitted for amounts more than five years past due. This is clear indication of authority to recover incremental arrearages accruing during a preceding five-year term as the result of periodic redetermination of the cost of patient care. The arrearage in the present case resulted from the precise situation contemplated by § 37.1-105, and the circumstances invoked the trial court's authority under § 37.1-113 to modify "at any time" its 1970 order for the care and maintenance of Mrs. Sharrett.

■ Neither do the pertinent statutes prevent invasion of the corpus of an incompetent's estate to pay the cost of his care and maintenance in a state hospital. *Department of Mental Hygiene* v. *Shepard*, 212 Va. 843, 847, 188 S.E.2d 99, 102 (1972). Instead, the statutes contemplate such an invasion. In § 37.1-109, it is provided that no assessment for the cost of patient care shall deplete the estate of a patient below the sum of $500. This provision furnishes clear authority to invade the corpus above the statutory minimum.

In the present case, the estate of Mrs. Sharrett is financially able to pay the amount of the arrearage involved. She has no dependents; it is unlikely she will ever leave Southwestern State Hospital. Reduction of her estate, by the amount of the arrearage or even to the extent of depleting it to the statutory minimum, will not unreasonably prejudice her future needs. In either event, she still will be cared for and maintained in the hospital.

■ For similar reasons, it was error to deny the Department an order fixing the amount for Mrs. Sharrett's continued care and maintenance, subsequent to the end of the arrearage period, at the then established per capita cost of patient care.*

---

* The $350 per month allowed by the trial court in the order appealed from is insufficient to defray the actual cost of Mrs. Sharrett's care and maintenance at currently established rates.

Admittedly, the eventual effect of such an order would be to reduce Mrs. Sharrett's estate to the statutory minimum of $500. But, in addition to what we said in the next preceding paragraph concerning the effect of a reduction upon Mrs. Sharrett's estate, we note from the record that a reduction below a figure of $1,500 will entitle Mrs. Sharrett to Medicaid benefits; because her estate presently exceeds that figure, she is not now eligible for those benefits.

■ Remaining is a question presented by a request contained in the petition filed below that, "from time to time in the future," the Department "may be allowed to reassess the costs ... of caring for and maintaining" Mrs. Sharrett. If, as the Department's brief suggests, this request contemplates blanket prior approval of future assessments of costs, it was not error for the trial court to refuse the request. Code § 37.1-109 provides that "all assessments" of costs upon the estate of a patient "shall be subject to the approval" of an appropriate court. This provision does not authorize blanket prior approval of such assessments.

To the extent indicated, the judgment of the trial court will be reversed, and the case will be remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*