**Norfolk**

BENJAMIN CREECY JOHNSON

v.

GENEVA JACKSON JOHNSON

No. 0095-84

Argued June 18, 1985

Decided January 7, 1986

Counsel

Warren H. McNamara, Jr. (McNamara and Shea on brief), for appellant.

Stephen F. Forbes, for appellee.

Opinion

**BARROW, J.**—This is an appeal challenging a judgment for delinquent support payments. We conclude the judgment should be affirmed.

A final divorce decree was entered on January 15, 1973, ordering appellant, Benjamin Creecy Johnson (husband), to pay $531 per month for "alimony and for support for the [parties'] three children." The appellee, Geneva Jackson Johnson (wife), was given custody of the infant children. The eldest child was eighteen years old at the time of the original decree, and the youngest child reached the age of majority on September 29, 1977. The husband

never paid the sum of $531 per month as ordered by the court but, instead, paid varying and lesser amounts of support over the next ten years, including several direct payments to the adult children while they were in college. On September 9, 1983, the wife filed a motion for judgment against the husband for delinquent support payments in the amount of $37,587.00. Judgment was entered against the husband.

## Laches

■ The husband contends that the wife's ten-year delay in seeking support arrearages bars recovery. However, laches is not a defense to noncompliance with the provisions of a lawful decree. *Richardson v. Moore*, 217 Va. 422, 423-24, 229 S.E.2d 864, 866 (1976); *see Cofer v. Cofer*, 205 Va. 834, 837, 140 S.E.2d 663, 665 (1965); *Newton v. Newton*, 202 Va. 515, 518, 118 S.E.2d 656, 658 (1961).

## Discovery

The husband requested copies of the wife's tax returns for the ten years preceding this action, but the trial court refused to order their production. Rule 4:1(b)(1) allows discovery of any matter "which is relevant to the subject matter involved in the pending action . . . ." Since the court was without authority to make any change as to past due installments, *Cofer*, 205 Va. at 838-39, 140 S.E.2d at 666-67, the requested information was irrelevant.

## Child Support

The husband claims the trial court erred in not correcting the provision requiring him to support his eighteen year old daughter. Since she may have been emancipated because of her age, he contends the order was void.

The unitary support award also provided support for the wife and two infant children. Their rights became vested as the payments accrued, *Cofer*, 205 Va. at 838, 140 S.E.2d at 666, and should not be defeated by an error which may have occurred in an order, entered ten years prior to this action, which the trial court is now without power to modify or vacate. *Prohm v. Anderson*, 220 Va. 74, 77, 255 S.E.2d 491, 492 (1979); *Lyle v. Ekleberry*,

209 Va. 349, 351, 164 S.E.2d 586, 587 (1968); Rule 1:1.

Even though the oldest daughter was eighteen years old, the husband may have been liable for support. A father may be obliged by contract to support a child who has reached majority. *Paul v. Paul*, 214 Va. 651, 654, 203 S.E.2d 123, 125-26 (1974). He may also be required to support an adult child who is mentally or physically incapacitated from earning a living. Code § 20-61; *Indemnity Ins. Co. v. Nalls*, 160 Va. 246, 248, 168 S.E. 346 (1933). Whether he was liable for her support was an appropriate inquiry for a timely appeal from the divorce decree, but not for a collateral attack in an action to recover delinquent support payments.

The provision, even if erroneous, did not cause the order to be void. If a court has jurisdiction over the parties and the subject matter of the proceeding, a decree in "usual equity form" is not void, even if erroneous, unless it was procured by fraud or collusion. *Barnes v. American Fertilizer Co.*, 144 Va. 692, 705-06, 130 S.E. 902, 906 (1925). This decree, in "usual equity form," was entered by a court having jurisdiction over the parties and the subject matter, and there is no claim of fraud or collusion.

## Direct Payments

The husband contends that he should receive credit for money paid directly to his children who have reached majority. Although the husband is required by law to support his children only during their minority, *Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979), he must pay "according to the terms of the decree . . . ." *Newton*, 202 Va. at 519, 118 S.E.2d at 659. His payments to the adult children were gifts or gratuities and cannot be credited to his obligation to pay the support award. *Fearon v. Fearon*, 207 Va. 927, 932, 154 S.E.2d 165, 168 (1967).

## Modification

The husband contends that the wife was obligated to seek a reduction in support payments after each child turned eighteen years of age. On the contrary, since this was a unitary award for alimony and child support, the husband's only remedy was to apply to the court for a modification of the decree upon a change of condition. *See Fearon*, 207 Va. at 932, 154 S.E.2d at 168; *Eaton*

*v. Eaton*, 215 Va. 824, 828 n.3, 213 S.E.2d 789, 792 n.3 (1975); *Newton*, 202 Va. at 518, 118 S.E.2d at 658.

The trial court did not err, and we affirm its decision.

*Affirmed.*

Benton, J., and Coleman, J., concurred.