## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Department of Mental Health

v.

Claude Miller, Jr.,
and Catherine G. Miller

November 10, 1986

By JUDGE WILLIAM W. SWEENEY

Based upon the hearing on July 10, 1986, the record and admissions made therein, and the briefs of counsel, I conclude that under Virginia law, the parents of Carol Y. Miller are civilly responsible to the Department of Mental Health and Mental Retardation for the expenses of their incapacitated daughter's care and treatment at Southern Virginia Mental Health Institute provided she has no estate or income of her own. Any other ruling would frustrate what I perceive to be the law of Virginia that parents are responsible for the care and treatment of their adult children who are either incompetent or physically incapacitated. Furthermore, in my opinion, the public policy rule prevailing in domestic cases that absent agreement, parents owe no duty of support to children 18 or over, has no application here.

The Statute of Frauds is not a bar to the State's right to collect since an obligation to pay rather than a promise to pay is involved. Further, the Statute was created to prevent fraud, not to enable a debtor to shield himself from statutory liability.

Carol Miller could be made a party to this proceeding but she is not a necessary party unless she has an estate or income.

Section 37.1-105 when read with Section 20-61, incorporates the common law doctrine requiring parents to support incapacitated children, regardless of the child's age.

In my opinion, the cases of *Insurance Co.* v. *Nalls*, 160 Va. 246, 168 S.E. 346 (1933); *Commonwealth* v. *Shepherd*, 212 Va. 843, 188 S.E.2d 99 (1972); and *Johnson* v. *Johnson*, 1 Va. App. 330, 338 S.E.2d 353 (1986), support my conclusion. The case of *Cutshaw* v. *Cutshaw*, 220 Va. 638, 261 S.E.2d 52 (1979), did not overrule nor mention *Shepherd* or *Nalls*. In the purely domestic field, the Court held that trial courts lack jurisdiction to change child support agreements after the child becomes 18. This is now settled law, but it has no direct application here. I believe that the Legislature intended that parents continue to be responsible for incapacitated adult children in state institutions where such treatment is found to be necessary because the parents, for whatever reason, do not provide such treatment for the child in private facilities at their expense.

In response to other arguments of counsel for the defendants, this is not a taking of private property for public uses in contravention of the Constitution. The real issue in the case is whether the child's age relieves the parents of responsibility. There would be no question if she were under eighteen.

I agree that necessitous circumstances must be proven by the Department. This will be a question of fact, although there is a stipulation at page 40 of the Transcript which implies that the child is in necessitous circumstances and will require long term mental care.

Code Section 1-13.42 (age of majority) is conditioned on exceptions otherwise provided in the Code.

I believe that Section 37.1-105 incorporates the provisions of Section 20-61. The fact that we are considering both criminal and civil statutes makes no difference. See *Commonwealth* v. *Shepherd*, 212 Va. 843, 188 S.E.2d 99 (1972).

Counsel for defendant will have thirty days from date of this letter opinion to present further evidence, if he so desires, on the issues of whether the child is incapacitated from earning a living and is in necessitous circumstances. This may be done by deposition or before this court.