## CIRCUIT COURT OF THE CITY OF RICHMOND

Mary E. Schlegel et al.

v.

Anthony A. Schlegel

August 10, 1990

Case No. N 8597-2

By JUDGE ROBERT L. HARRIS, SR.

On July 17, 1990, the parties came before the court on the defendant's motion to dismiss this action for lack of jurisdiction.

The plaintiff, the incapacitated adult daughter of the defendant, instituted this action by her mother as next friend, requesting that: (1) custody of the incapacitated adult child be awarded to the mother; (2) the father share some of the day-to-day responsibility for the child's care by having her visit with him for a minimum of eight weeks per year; (3) support payments be increased; (4) judgment be entered on an arrearage of $1,500.00; (5) insurance coverage be provided by the father; (6) all of the child's medical expenses not covered by insurance be paid by the mother and father, based upon the ratio of their respective incomes; and (7) such other relief as the court deemed appropriate.

The defendant, father, filed a motion to dismiss for lack of jurisdiction on two separate bases. The first argument is that this court does not have jurisdiction to order support for a child over the age of eighteen years. The defendant's second contention is that this

court does not have jurisdiction over the defendant's person to order him to pay any amount found owing.

A final decree of divorce was entered in the Circuit Court of Chesterfield County on September 20, 1983. This final decree incorporated a property settlement agreement which stipulated that the incapacitated adult child of the parties would be provided for by the defendant father and the plaintiff mother in ratio to their respective incomes once the mother started work. The decree transferred the case to the appropriate juvenile and domestic relations district court for enforcement of the court's orders under Section 20-79(c) of Virginia Code Ann. (1990). The child and mother are presently living in the City of Richmond, and the father has moved to the State of Georgia.

A circuit court does have the power to order support for a dependent incapacitated adult child. Virginia Code Ann. § 20-61 (1990) provides criminal penalties for parents who do not support their dependent incapacitated children. Code § 20-61 does not provide a basis for civil relief, but it indicates legislative intent that both parents are liable for support of incapacitated adult children. *Commonwealth v. Shepard*, 212 Va. 843, 188 S.E.2d 99 (1972).

The *Shepard* case relied largely upon the precedent of *Indemnity Insurance Co. v. Nalls*, 160 Va. 246, 168 S.E.2d 346 (1933), in which it was established that the father had the duty to support an adult child who is mentally incapacitated from earning a living. Finally, *Johnson v. Johnson*, 1 Va. App. 330, 338 S.E.2d 353 (1986), held that a parent may be liable for support of an adult child if the parent contracts to be liable, or if the child is incapacitated from earning a living. In the instant case, the defendant signed a property settlement agreement and stipulation, agreeing to support his incapacitated adult child and can clearly be required to do so.

However, it is the opinion of this court that this court does not have jurisdiction to hear the matter. The support obligation which the plaintiff seeks to enforce arose out of a final decree of divorce entered in the Circuit Court of Chesterfield County. In this action, the plaintiff seeks to enforce and modify the support agreement incorporated by the Circuit Court of Chesterfield County in its final divorce decree. Virginia Code Ann. Section 20-109.1 (1990) provides that when a court "affirms,

ratifies and incorporates by reference in its decree, such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree and enforceable in the same manner as any provision of such decree." Where a court incorporates an agreement into its decree, the terms of the agreement so incorporated become enforceable as a decree of the court, and the court retains jurisdiction to enforce compliance through its contempt powers. *Fry v. Schwarting*, 4 Va. App. 173, 179, 355 S.E.2d 342, 345 (1987). Further, Code § 20-108 allows the court that entered a final decree of divorce to later revise provisions of the decree relating to the care, custody and maintenance of children. Va. Code Ann. (1990). Therefore, the appropriate court for this action would be the Circuit Court of Chesterfield County.

The Chesterfield County Circuit Court is not only an appropriate court to hear issues of support for this child, it is the only circuit court which may hear these issues. Jurisdiction acquired by a court in divorce proceedings over the subject of custody and support of the children of the parties to the divorce suit is not only continuing, but it is also exclusive and precludes any other court in the same sovereignty from thereafter acquiring or exercising jurisdiction over the same subject; all proceedings relating to the custody and support of such children of the divorced parents must thereafter be brought in the same court which rendered the original decree on that subject. *Williams v. Woolfolk*, 188 Va. 312, 316, 49 S.E.2d 270, 271 (1948), (quoting 17 Am. Jur., *Divorce and Separation*, § 677.4 (1947 Cum. Supp., p. 68)). The *Woolfolk* court held that the exclusive and continuing jurisdiction of the court granting the divorce precluded another court of like jurisdiction from changing by writ of habeas corpus the custody previously adjudicated. *Woolfolk* at 318, 49 S.E.2d at 272. Similar reasoning prevents this court from modifying through the plaintiff's bill of complaint the custody and support arrangements previously ordered by the Circuit Court of Chesterfield County.

This court shares the concern of the *Woolfolk* court that, "a contrary holding could result in conflict of jurisdiction, be productive of confusion and subversive of orderly procedure." *Woolfolk* at 319, 49 S.E.2d at 273. If this court had authority to modify support and custody

previously decided in the Circuit Court of Chesterfield County, so would any other court of similar jurisdiction into which the child might be taken. The issue could conceivably be relitigated *ad infinitum* with each circuit court reversing the previous circuit court. The need for judicial economy and the principle of finality clearly require the outcome reached in this case be the same as that of *Woolfolk*. The Circuit Court of Chesterfield County which granted the *Schlegel* divorce has continuing and exclusive jurisdiction for all matters relating to the custody and support of the Schlegel children.

Section 20-79(c) of the Virginia Code, however, allows a Circuit Court to "transfer any matters covered by said decree or decrees to any juvenile and domestic relations district court within the Commonwealth that constitutes a more appropriate forum." Va. Code Ann. Section 20-79(c) (1990). The Chesterfield Court exercised this right and divested itself of all further jurisdiction concerning visitation, custody and support for the minor children and dependent adult child of the parties, giving leave to either party to proceed in the appropriate juvenile and domestic relations district court having jurisdiction under any applicable law.

The plaintiff should have sought enforcement of the Chesterfield County divorce decree in the Richmond Juvenile and Domestic Relations District Court. Further, if an appeal is desired after that court's decision, Virginia Code Ann. § 16.1-296 (1988) requires that, "In any case which has been referred from a circuit court to a juvenile court and an appeal is taken from an order or judgment of the juvenile court, the appeal shall be taken to the circuit court which had original jurisdiction of the case." If after litigating this action in the Juvenile and Domestic Relations District Court, either party wishes to appeal that court's ruling, they must do so in the Circuit Court of Chesterfield County.

Plaintiff contends that Virginia Code Ann. § 37.1-132 (1984) provides that the Circuit Court of the city or county in which the incapacitated adult resides is the appropriate court for the appointment of a guardian over Mary Elizabeth Schlegel. However, the petitioner herein has not indicated that she is seeking appointment of a guardian. In this action, plaintiff asks the court to

require the father to comply with his obligation to support an incapacitated adult child. Moreover, the mother is asking the court to ascertain arrearages and increase the amount of support payments. This request is obviously a petition to enforce the support decree entered by the Circuit Court of Chesterfield County over which this court does not have jurisdiction.

This court is of the opinion that it does not have jurisdiction to hear this action. Accordingly, I have entered an order dismissing the plaintiff's bill of complaint.